UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RUIZ,<br><br>           Plaintiff,<br><br>    v.<br><br>CHANCELLOR HEALTH CARE, LLC, et al.,<br><br>           Defendants. | No. 2:21-cv-00913-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

On December 11, 2020, Plaintiff Susan Ruiz ("Plaintiff") initiated this lawsuit in the Superior Court of California, County of Sacramento, against Defendants Chancellor Health Care, LLC; Chancellor Health Care, Inc. (collectively, "Chancellor Health"); and Nicole Hemenover (collectively with Chancellor Health, "Defendants"). See Ex. A, Not. Removal, ECF No. 1, at 9–29 ("Compl."). On May 20, 2021, Defendants subsequently removed the case to this Court. Not. Removal, ECF No. 1 ¶ 10 ("Not. Removal"). Presently before the Court is Plaintiff's Motion to Remand on the ground that removal of this action is untimely. ECF No. 5 ("Pl.'s Mot."). This matter has been fully briefed. ECF Nos. 7 ("Defs.' Opp'n"), 8 ("Pl.'s Reply"). For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

**BACKGROUND**

### A. Factual Background[2]

According to the Complaint, Plaintiff worked as a caregiver for Chancellor Health. On July 25, 2020, after arriving at work, Plaintiff's supervisor checked Plaintiff's temperature and the thermometer read 102 degrees. Plaintiff's supervisor instructed Plaintiff to sit down for 10 to 15 minutes and then took Plaintiff's temperature again, with the thermometer reading 99.2 degrees. Plaintiff was then told to go to the medical room and her supervisor took Plaintiff's temperature for a third time, which read 97.4 degrees. Subsequently, Plaintiff's supervisor instructed Plaintiff to "clock in and go to the cottage" to care for a resident. After doing so, Plaintiff was then instructed to go home.

On July 27, 2020, Plaintiff took a COVID-19 test, and on August 2, 2020, Plaintiff's test results came back positive. Between July 27 and August 9, 2020, Plaintiff self-isolated and quarantined. Following her quarantine, Plaintiff attempted to go back to work, but Chancellor Health refused to put Plaintiff back on the schedule. On August 21, 2020, Chancellor Health terminated Plaintiff's employment for "[f]ailure to follow corporate policy regarding COVID 19 procedures" on July 25, 2020.

### B. Procedural History

Plaintiff states that, pursuant to the California Fair Employment and Housing Act ("FEHA"), she filed a complaint with the California Department of Fair Employment and Housing and has since received a right-to-sue letter. Compl., at 13 ¶ 19. On December 11, 2020, Plaintiff filed the operative Complaint in the Superior Court of California, County of Sacramento, against Defendants, asserting the following causes of action: (1) Medical/Physical Condition Discrimination, and/or Perceived Medical/Physical Condition Discrimination; (2) Retaliation (citing California Government Code §§ 12900, 12926, and 12940); (3) California Family Rights Act ("CFRA") Retaliation; (4) Families First Coronavirus Response Act ("FFCRA") Retaliation;

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.

(5) Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation; (6) Failure to Pay Minimum Wages; (7) Failure to Pay Overtime Wages; (8) Failure to Pay Wages Owed; (9) Rest Period Liability; (10) Failure to Provide Accurate Itemized Wage Statements; (11) Failure to Reimburse for Necessary Expenditures in Violation of California Labor Code § 2802; (12) Waiting Time Penalties; and (13) Violation of California Business and Professions Code §§ 17200 et seq.  See generally id.  Plaintiff personally served Defendants' agent for service of process on December 21, 2020.  Not. Removal ¶ 3.  On January 28, 2021, Plaintiff served Defendants with Notices of Acknowledgement of Receipt of Plaintiff's Complaint, and Defendants returned endorsed copies of those notices on February 23, 2021.  Exs. 2–3, Webber Decl., ECF No. 5-3, at 28–35.

On April 7, 2021, Defendants sent a meet and confer request to Plaintiff, stating that Plaintiff's FFCRA cause of action was ambiguous and inquiring whether that cause of action "alleges that (1) [Plaintiff] took leave under the FFCRA and is asserting a claim that Defendants violated FEHA by allegedly retaliating against her for taking FFCRA leave or (2) [Plaintiff] took leave under the FFCRA and is asserting a claim that Defendants violated FFCRA by allegedly retaliating against her for taking FFCRA leave."  Ex. C, Not. Removal.  The following day, on April 8, 2021, Defendants filed their Answer.  Ex. B, Not. Removal.  Counsel for the parties met and conferred on April 21, 2022, with Plaintiff confirming that the FFCRA cause of action states a federal, not a state law, claim.  Ex. D, Not. Removal (follow-up email from defense counsel dated April 22, 2021) ("[T]his also confirms that you informed me yesterday that Plaintiff's fourth cause of action states a claim under the [FFCRA] and not FEHA.").  On May 20, 2021, Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. § 1331.  Not. Removal ¶ 10.

///

///

///

**ANALYSIS**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.

Generally, a notice of removal must be filed within 30 days from the date the defendant receives the initial complaint.  Id. § 1446(b)(1).  However, "if the case stated by the initial [complaint] is not removable," the notice of removal must be filed within 30 days of receipt of an amended pleading, motion, order, or other paper from which it can be ascertained that the case is removable.  Id. § 1446(b)(3).  Here, Defendants contend that because removal was not clear from the face of the Complaint, the 30-day clock did not begin until Plaintiff confirmed the Complaint stated a federal cause of action on April 21, 2021.  Defs.' Opp'n at 2, 5.

Defendants first argue that the Complaint is ambiguous and "patently unclear" as to whether it states "(1) a federal claim for retaliation for failing to provide federally protected leave or (2) a state law claim for retaliation under [FEHA] for failing to provide federally protected leave."  Id.  However, the Complaint asserts three separate retaliation claims, including a retaliation cause of action under FEHA (California Government Code § 12940) and a retaliation cause of action under the FFCRA.  See Harris v. Bankers

4

Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (stating notice of removability is determined by the "four corners of the applicable pleadings").  Plaintiff alleges that Chancellor Health retaliated against her in violation of FEHA and FFCRA by terminating her employment after she tested positive for COVID-19 and quarantined for 14 days.  See Compl. at 15–16, 17–19.  Therefore, removal was warranted on the basis of the Complaint and should have been filed within 30 days of Defendants receiving the Complaint.

Defendants nevertheless contend that equity bars remand because Plaintiff did not respond to Defendants' meet-and-confer request until April 21, 2021.  Defs.' Opp'n at 6.  The Court disagrees.  As outlined above, Defendants returned endorsed copies of the Notices of Acknowledgement to Plaintiff on February 23, 2021, which means Defendants had until March 25, 2021, to remove the case.  See Pl.'s Reply at 4–5.  Instead, Defendants waited until April 7, 2021, or almost two weeks after the March 25 deadline, to contact Plaintiff about the FFCRA cause of action.  Id.  Defendants have not provided any explanation as to why they waited to confirm jurisdiction.[3]  In sum, Defendants' removal of this action is untimely and thus Plaintiff's Motion is GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 5, is GRANTED.  The Court REMANDS this case back to the originating state court, the Superior Court of California, County of Sacramento, for final adjudication.  Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is ordered to mail a certified copy of this Memorandum and Order of remand to the clerk of the originating state court.  The state

///

///

---

[3] The Court is also not persuaded that a personal email between attorneys suffices as an "other paper" which might justify delayed removal.  However, because removal is untimely for the reasons set forth above, the Court need not reach this issue.

1 | court may thereupon proceed with this case.  The Clerk of Court shall thereafter close
2 | the case in this Court.
3 |      IT IS SO ORDERED.

5 | Dated:  February 10, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE